806

In the Matter of **SPECTRUM ARENA, INC., Debtor.**

No. 30437.

United States District Court,
E. D. Pennsylvania.

Dec. 23, 1971.

As Amended Jan. 17, 1972.

Sidney Chait, Philadelphia, Pa., for Trustees.

LeRoy F. Perper, Philadelphia, Pa., for ARA Services.

I. Grant Irey, Jr., Philadelphia, Pa., for Fidelity Bank.

Gilbert W. Oswald, Philadelphia, Pa., for Foreman-Snider.

Philip P. Kalodner, Philadelphia, Pa., Debtor.

## MEMORANDUM AND ORDER

Re: Petition to Alter and Modify Trustees' Plan of Reorganization of the Spectrum Arena, Inc.

HIGGINBOTHAM, District Judge.

Philip P. Kalodner filed on December 13, 1971 a Petition to Modify and Alter the Trustees' Plan of Reorganization of the Spectrum Arena, Inc. (Docket No. 275). The petition asks this court to (1) "alter or modify" the Trustees' Plan by substituting therefore the Debtor's Plan," (2) confirm the Plan as so altered and modified, and (3) permit a reasonable time for implementation and consummation.

This petition is apparently filed pursuant to § 222 of the Bankruptcy Act (11 U.S.C. § 622) which provides as follows:

"A plan may be altered or modified, with the approval of the judge, after its submission for acceptance and before or after its confirmation if, in the opinion of the judge, the alteration or modification does not adversely affect the interests of the creditors or stockholders."

§ 222 (11 U.S.C. § 622) was interpreted by the United States Court of Appeals for the Second Circuit in Country Life Apartments v. Buckley, 145 F.2d 935, 937 (2nd Cir. 1944) where that Court stated:

Since there is no similar provision for submission or filing of any other plan subsequent to approval, at least not until after the ultimate disposition of the approved plan, it follows that the time for offering substitute plans expired with the approval of the trus-

tee's plan; and proposals offered thereafter could be only in the nature of a modification of such approved plan. Bankruptcy Act § 222.

Appellants' proposals filed by way of objections, however, differed so greatly from the trustee's plan that they could not possibly be treated as a mere modification.

Further, in Prudence Bonds Corp. v. City Bank Farmers Trust Co., 186 F.2d 525, 528 (2nd Cir. 1951), Judge Learned Hand, in affirming a lower court decision allowing a modification, stated that the court did so ". . . after satisfying ourselves that *it did not substitute a new 'plan'* . . . ." (emphasis added)

In applying the law to the facts of the instant attempt to modify and alter the Trustees' Plan, there can be no doubt that Mr. Kalodner's petition is an attempt to "substitute a new plan."

The Trustees' Plan will be financed immediately through loans from the First Pennsylvania Company and ARA with shares in the new corporation offered in payment for the Foremen fourth mortgage claim.

The Kalodner Plan proposes financing through revenue bonds to be sold in the future by a proposed non-profit corporation whose stock will be issued to the City of Philadelphia. In addition, the Kalodner Plan requires the passage of ordinances (as yet not even introduced) by the Philadelphia City Council which will (1) create a non-profit corporation which will enter certain lease agreements, and (2) authorize the issuance and sale of proposed city revenue bonds. The Kalodner Plan requires a ruling (as yet not obtained) by the United States Internal Revenue Service that the proposed bonds will be tax exempt. All of these contingencies must be resolved before the Kalodner Plan could ever be considered for a ruling by a court as to whether it is "worthy for consideration" pursuant to § 172 of Bankruptcy Act (11 U.S.C. § 572).

Under the Trustees' Plan there is a likelihood that the creditors could be paid by the end of 1971. Under the Kalodner Plan, seasons would go by and years could expire with nothing more than his hopes to the creditors. Clearly, the Kalodner Plan is not consistent with the Trustees' Plan such that the substitution of the Kalodner Plan could be properly labeled an "alteration or modification."

Accordingly, for all the above reasons, the Petition to Alter or Modify the Trustees' Plan by substituting therefore the Debtor's Plan (Docket No. 275) is denied.

This Opinion is filed pursuant to Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C. Rule 52(a)) and constitutes the prerequisite findings of fact and conclusions of law for the denial of the Petition to Alter or Modify the Trustees' Plan.